IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIBEL RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | |
| ATLANTIC CREDIT & FINANCE, | ) | |
| INC., BLITT & GAINES, P.C., and | ) | JURY TRIAL DEMANDED |
| BARRISTER INVESTIGATIONS & | ) | |
| FILING SERVICE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff MARIBEL RODRIGUEZ, through undersigned counsel, brings this complaint against Defendants ATLANTIC CREDIT & FINANCE, INC., BLITT & GAINES, P.C., and BARRISTER INVESTIGATIONS & FILING SERVICE, INC., and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for violations of the Fair Debt Collection Practices Act (the "FDCPA").

2. The claims stated herein stem from Defendants' wrongful debt collection activities on an alleged consumer debt, including filing a false affidavit in a collection action.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Venue is proper in this District under 28 U.S.C. § 1391, as the events complained of occurred in this District.

1

**PARTIES**

5. Plaintiff Maribel Rodriguez is a natural person and resident of Illinois, from whom Defendants attempted to collect an allegedly defaulted credit account originally held by Household Bank, that was allegedly incurred primarily for personal, family and household purposes (the "alleged debt").

6. Plaintiff is a "consumer" as defined by Section 1692a(3) of the FDCPA.

7. Defendant, Atlantic Credit & Finance, Inc. ("Atlantic") is a Virginia corporation that does business in the State of Illinois, including in this District.

8. Atlantic is a debt collector as that term is defined in Section 1692a(6) of the FDCPA because it uses the mails and telephone in its business, the principal purpose of which is the collection of consumer debts.

9. Atlantic is also a debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect for itself and through other debt collectors.

10. Defendant Blitt & Gaines, P.C. ("Blitt"), is a law firm organized as an Illinois professional corporation that does business in the State of Illinois, including in this District.

11. Blitt is a debt collection law firm and it regularly collects consumer debts on behalf of others.

12. Blitt is a debt collector as that term is defined in Section 1692a(6) of the FDCPA because it uses the mails and telephone in its business, the principal purpose of which is the collection of consumer debts, and because it regularly attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant Barrister Investigations & Filing Service, Inc., ("Barrister") is a private detective agency organized as an Illinois corporation with its principal place of business located in Joliet, Illinois.

14. Barrister does business in the State of Illinois, including in this District.

15. Barrister maintains a website that describes Barrister's business as follows:

> Barrister Investigations & Filing Service, Inc. has a fully trained staff to provide superior legal services in a timely and efficient manner. Barrister Investigations & Filing Service, Inc. has provided service to some of the largest attorneys in Illinois by servicing over one million documents from mortgage foreclosures, credit collections, divorces and more. We accomplish this by using advanced software applications which allow the client web access to view status, print affidavits and print invoices. All clients' data is stored at a secured and protected offsite location to ensure the safety of all documentation.

*See* http://www.barristerillinois.com, last accessed on August 9, 2018.

16. Barrister is a debt collector as that term is defined in Section 1692a(6) of the FDCPA because it regularly provides debt collection support services to collection attorneys, third-party debt collectors. and debt buyers for the purpose of collecting debts owed or due or asserted to be owed or due another.

## FACTS SUPPORTING THE ACTION

17. On October 13, 2006, Blitt, on behalf of Atlantic, filed a collection action against Plaintiff in the Circuit Court of Cook County, styled as *Atlantic Credit & Finance v. Rodriguez*, case number 2006-M1-179427 (the "collection action").

18. The collection action sought to collect the alleged debt from Plaintiff.

19. Plaintiff disputes the validity and amount of the alleged debt, and she maintains that she does not owe it.

20. After filing the collection action complaint on behalf of Atlantic, Blitt thereafter hired Barrister to support its efforts to collect the alleged debt from Plaintiff on behalf of Atlantic.

21. Barrister has an Illinois Private Detective Agency License No. 117-000883.

22. Barrister, by and through its employee Eric Nilson, executed an Affidavit of Service (the "Affidavit") in which Mr. Nilson states under oath that he served a copy of the collection action complaint and summons on Plaintiff at her home address of 5843 South Richmond Street, Chicago, Illinois, at 7:50am on January 10, 2007.

23. Plaintiff was not at home at the date and time of the alleged service. At that time, she was a college student, and was commuting to school to attend morning classes.

24. In the Affidavit, Mr. Nilson describes Plaintiff as follows:

> GENDER  F  RACE  H  APPROXIMATE AGE 35

25. Although Plaintiff is a Hispanic female, in January 2007 she was only 22 years of age.

26. Mr. Nilson's statements in the Affidavit were false, as he did not serve a copy of the collection action complaint and summons on Plaintiff.

27. Plaintiff was never served with notice of the collection action.

28. Blitt filed the Affidavit with the Circuit Court of Cook County, Illinois, so that Plaintiff would be induced to believe that service was proper if Plaintiff checked the court docket.

29. Atlantic then obtained a default judgment against Plaintiff, based on the false Affidavit that indicated that Plaintiff had been properly served.

30. Over eleven years later, in March 2018, Plaintiff learned of the collection action for the first time when Atlantic served her with papers to revive the default judgment.

31. Atlantic then used the revived judgment to garnish Plaintiff's wages.

32. To date, Atlantic has garnished $2,602.50 of Plaintiff's wages using the default judgment that it obtained using the false Affidavit.

33. Upon becoming aware of Defendants' false assertions that they had served her with process, that a default judgment had been entered against her, and that her wages were being garnished, Plaintiff became distressed because she knew that they had never actually served her with process and she had never had an opportunity to defend herself in the collection action.

34. Plaintiff was deeply troubled that Atlantic was able to garnish her wages even though it had never provided her with any notice of the collection action, and had never given her an opportunity to contest its claims.

35. Defendants conspired to deprive Plaintiff of equal protection of the law, namely to deprive her of her due process right to proper notice of the collection action.

36. Barrister's employee Mr. Nilson, on behalf of the other Defendants, made false statements in the Affidavit in an attempt to enforce collection of a consumer debt.

37. Under § 1692a(6)(D) of the FDCPA, any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt is not included as a debt collector, but the language of § 1692a(6)(D) extends the exemption to a person *only* "while serving or attempting to serve legal process." See *Spiegel v. Judicial Attorney Servs., Inc.*, 2011 WL 382809 (N.D. Ill. Feb.1 2011; *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2nd Cir. 1998); *Andrews v. S. Coast Legal Servs.*, 582 F. Supp. 2d 82 (D. Mass. 2008); and

5

*Flamm v. Sarner & Assocs.*, P.C., 2002U.S. Dist. LEXIS 22255 (E.D. Penn. 2002); *Sneed v. Winston Honore Holdings, LLC*, No. 16 C 2564, 2017 U.S. Dist. LEXIS 15235, at *11 (N.D. Ill. Feb. 3, 2017).

38. Defendants were not serving or attempting to serve legal process when they filed the Affidavit.

39. Instead, they filed the Affidavit containing materially false statements for the purpose and intent of collecting the alleged debt by obtaining a judgment against Plaintiff. Indeed, Defendants (a) did not serve Plaintiff with the summons or complaint, or provide any notice whatsoever of the collection action until years after Atlantic had obtained a judgment against her, (b) made false sworn written statements, and (c) filed and presented these false statements to the collection action court to induce Plaintiff to believe that service had been effected, and that personal jurisdiction had been obtained over Plaintiff—to deceptively induce Plaintiff not to fight the results of the collection action so that Defendants could attempt to enforce and collect the alleged debt from Plaintiff.

40. Plaintiff was damaged by Defendants' misconduct, as Atlantic obtained a judgment against her and has garnished her wages using this judgment.

41. Defendants' misrepresentations that they properly served Plaintiff in the collection action, the execution of a false Affidavit, and the filing of the Affidavit in the collection action were each done in connection with the collection of the alleged debt from Plaintiff, and each was a coercive act calculated either (a) to trick Plaintiff into believing that Atlantic had the right to proceed in the collection action, and that Plaintiff was required to file an appearance in the collection action or (b) to surreptitiously obtain a judgment against Plaintiff

and trick Plaintiff into believing that Atlantic had the right to obtain such a judgment and collect thereon by garnishing her wages.

42. As a debt collector, Blitt may be held vicariously liable for Barrister's collection activity.

43. As a debt collector, Atlantic may be held vicariously liable for Blitt's and Barrister's collection activity.

44. Plaintiff suffered significant damages proximately caused by Defendants' misconduct, including but not limited to improperly garnished wages, fear, anxiety, embarrassment, aggravation, wasted time, and inconvenience.

### COUNT I – VIOLATIONS OF THE FDCPA
### (ALL DEFENDANTS)

45. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

46. § 1692e of the FDCPA states in relevant part that a debt collector, "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. Defendants made false, deceptive and misleading representations in connection with the collection of a debt, in violation of § 1692e, by means of the false Affidavit they prepared, filed, and communicated, and by means of the complaint and summons placed in the mailbox of Plaintiff's home, which falsely and deceptively was an attempt to induce Plaintiff to believe that she was properly served, when in fact she was not.

48. §1692e(13) of the FDCPA prohibits the "false representation or implication that documents are legal process."

49. Defendants violated § 1692e(13) by filing the Affidavit in the collection action, which falsely implied that service had been obtained over Plaintiff and that the related documents were legal process.

50. § 1692e(5) of the FDCPA prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken."

51. Defendants violated § 1692e(5) when they filed the Affidavit by falsely threatening that Atlantic could obtain a judgment against Plaintiff unless Plaintiff appeared in the collection action and filed an appearance, when, in fact, such action could not legally be taken.

52. § 1692e(10) of the FDCPA prohibits "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

53. Defendants violated § 1692e(10) by means filing the Affidavit and thereby communicating that she was properly served, which falsely and deceptively was an attempt to induce Plaintiff to believe that she was properly served, when in fact she was not, all in order to collect the alleged debt from her via litigation.

54. § 1692f of the FDCPA states in relevant part that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

55. Defendants violated § 1692f by filing the Affidavit containing false statements in an attempt to collect the alleged debt, which was unfair and unconscionable.

56. § 1692d of the FDCPA states in relevant part that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

57. Defendants violated § 1692d by obtaining a default judgment against Plaintiff and garnishing Plaintiff's wages by using a false Affidavit, all while maintaining that their actions were legal and legitimate.

58. Plaintiffs suffered damages proximately caused by Defendants' misconduct.

59. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. grant judgment in Plaintiff's favor against Defendants;

b. award Plaintiff statutory and actual damages in an amount to be determined at trial;

c. award Plaintiff reasonable attorneys' fees and costs pursuant to Section 1692k of the FDCPA; and

d. award any other relief this Honorable Court deems equitable and just.

**Plaintiff Demands Trial by Jury.**

        Respectfully Submitted,

        /s/ *Daniel Brown*
        Daniel Brown (ARDC # 6299184)
        Main Street Attorney, LLC
        PO Box 247
        Chicago, IL 60690
        (773) 453-7410
        daniel@mainstreetattorney.com

        *Attorney for Plaintiff*

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that all Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of Plaintiff's claims. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that such Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of any Defendant.

By: /s/ *Daniel Brown*
　　Daniel Brown


## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By:　/s/ *Daniel Brown*
　　　Daniel Brown

## VERIFICATION OF COMPLAINT

STATE OF ILLINOIS    )
                     ) ss
COUNTY OF COOK       )

Pursuant to 28 U.S.C. § 1746, Plaintiff Maribel Rodriguez, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I have not filed this Complaint for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

4. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  SEPTEMBER  8 , 2018
             Month      Day   Year

_Maribel Rodriguez_
Signature